UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NEHEMIAH D. RANDLE,

        Plaintiff,

        v.                                             Case No. 25-cv-0157-bhl

CHRISTOPHER STEVENS,
JOHN KIND,
DANIEL CUSHING,
JAY HOWARTH, JR.,
TOM LARSON,
ADAM WHITING, and
MICHAEL SCHULTZ,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Nehemiah Randle, a convicted prisoner who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was confined at the Green Bay Correctional Institution. This matter comes before the Court on Randle's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Randle has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Randle has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

initial partial filing fee of $133.60. Randle's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Randle, he went to segregation on February 1, 2024 after receiving a conduct report for using intoxicants and engaging in disruptive conduct. Randle explains that, while he was in segregation, Supervising Officer Daniel Cushing ordered Tom Larson and Adam Whiting to bag his property, seal it, inventory it, and then destroy it. Randle asserts that all of his property was destroyed without any testing. He states that Warden Christopher Stevens, Security Director John Kind, Supervising Officer Jay Howarth, and Supervising Officer Michael Schultz all signed off on the destruction of his property without allowing him the opportunity to challenge the decision. Randle also asserts that Warden Stevens and Security Director Kind sent memos that essentially stated that any inmate who is found guilty of using drugs will have his property destroyed. Randle asserts that this practice is not consistent with Department of Corrections policy.

## THE COURT'S ANALYSIS

Randle alleges that Defendants violated the Constitution when they destroyed his property without notice and without giving him an opportunity to challenge the decision. To state a due process claim, a plaintiff must allege two things: "(1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." *Orozco v. Dart*, 64 F.4th 806, 814 (7th Cir. 2023) (citations omitted). "An interest in property is a protected interest for purposes of procedural due process." *Id*. (citations omitted). And when determining what process is due and when, the Court considers three factors: (1) the private interest that is affected by the official

3

action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the government's interest in avoiding additional or substitute procedural requirements. *Id.* at 818-19 (citing *Matthews v. Eldridge*, 424 U.S. 319, 334-35 (1976)). With the forgoing standards in mind, the Court will allow Randle to proceed on a due process claim against Defendants based on allegations that they were responsible for the destruction of all of his personal property without providing him notice and without allowing him an opportunity to challenge the decision.

Randle also implies that the destruction of his property was unrelated to and/or disproportionate in response to his misconduct. According to Randle, he was found guilty of possessing intoxicants and disruptive conduct. Randle asserts that, as part of his punishment, all of his personal property was destroyed without any effort to confirm that the property contained or was tainted with drugs. "The Eighth Amendment . . . outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Construing Randle's allegations broadly, which the Court must at this stage, the Court concludes that Randle may proceed on a claim that Defendants violated the Eighth Amendment when they destroyed all of his personal property as part of his punishment for being found guilty of possessing intoxicants. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (holding that the Eighth Amendment prohibits punishments that involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification).

**IT IS THEREFORE ORDERED** that Randle's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Randle's complaint and this order

4

are being electronically sent today to the Wisconsin Department of Justice for service on Defendants Christopher Stevens, John Kind, Daniel Cushing, Jay Howarth, Jr., Tom Larson, Adam Whiting, and Michael Schultz.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants Christopher Stevens, John Kind, Daniel Cushing, Jay Howarth, Jr., Tom Larson, Adam Whiting, and Michael Schultz shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Randle is located.

**IT IS FURTHER ORDERED** that the agency having custody of Randle shall collect from his institution trust account the $216.40 balance of the filing fee by collecting monthly payments from Randle's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Randle is transferred to another institution, the transferring institution shall forward a copy of this Order along with Randle's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

5

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Randle is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Randle may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on March 17, 2025.

s/ <em>Brett H. Ludwig</em><br>
BRETT H. LUDWIG<br>
United States District Judge