UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

NEHEMIAH D. RANDLE,

                Plaintiff,

v.                                                   Case No. 25-cv-0157-bhl

CHRISTOPHER STEVENS et al.,

                Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

      Plaintiff Nehemiah Randle is incarcerated at the Milwaukee County Jail and representing himself in this 42 U.S.C. §1983 action. He is proceeding on claims based on allegations that Defendants destroyed all of his personal property after he was found guilty of possessing intoxicants. On May 15, 2025, Randle filed a motion asking the Court to order the jail to deviate from its standard procedure of providing inmates with electronic copies of non-legal mail and instead to provide him with hardcopies of Court documents. He also asserts that the jail is improperly deducting more than 20% of the deposits he receives to satisfy his obligation to pay the remainder of the filing fee. He asks the Court to "explain in plain [E]nglish when [the jail] can take [his] money and how much they can take." Dkt. No. 12.

      The Court will deny Randle's motion for an order requiring the jail to provide him with hardcopies of Court documents. The mere fact that Randle has a case pending in this Court does not give the Court unlimited authority to remedy every harm Randle believes he is suffering. The relief that Randle seeks (an exception to a jail-wide mail policy) bears no relation to Randle's claims in this lawsuit, and therefore is not within the scope of the relief that the Court may provide. Moreover, it has long been held that "prison officials have broad administrative and discretionary

authority over the institutions they manage." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). The Court is not in the business of second-guessing administrative policies. If Randle believes that the policy is problematic, he is encouraged to raise his concerns through the grievance process. If he is unable to resolve his concerns through that process, he may file a new lawsuit challenging the policy. He is reminded that he will be required to pay a filing fee for every new case he files.

The Court will also deny as moot Randle's request that the Court provide the jail with guidance regarding when it may deduct money from his account and how much it may deduct. The Court already ordered the jail to collect money from Randle's institution trust account consistent with the formula in 28 U.S.C. §1915(b)(2). *See* Dkt. No. 7 at 5. The jail has complied with that order in countless other cases. The Court reminds Randle that the jail may be deducting money from his account to satisfy financial obligations other than just the filing fee for this action. To the extent Randle believes the jail is deducting more than is statutorily required, he may raise his concerns through the grievance process. The Court encourages Randle to consider the possibility that he, rather than the jail, misunderstands the deduction requirements in §1915(b)(2).

**IT IS THEREFORE ORDERED** that Randle's motion for an order to receive hardcopies of mail and his request for clarification on the collection of the filing fee balance (Dkt. No. 12) are **DENIED**.

Dated at Milwaukee, Wisconsin on May 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
